JS - 6

O

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **RITA P. DINSMORE-THOMAS,** ) | **CASE NO. SACV 08-1365 DOC(PLAx)** |
| ) | |
| **Plaintiff(s),** ) | |
| ) | **O R D E R** GRANTING |
| **v.** ) | **DEFENDANT'S MOTION FOR** |
| ) | **SUMMARY JUDGMENT** |
| **CENTRAL MORTGAGE COMPANY** ) | |
| **D/B/A CENTRAL MORTGAGE** ) | |
| **LOAN SERVICING COMPANY,** ) | |
| ) | |
| **Defendant(s).** ) | |
| ) | |
| ) | |
| ) | |
| ) | |

_____

Before the Court is a Motion for Summary Judgment ("Motion") filed by Defendant Central Mortgage Company D/B/A Central Mortgage Loan Servicing Company ("Defendant") in the above-captioned case. The Court has considered the moving and opposing papers and oral arguments and hereby GRANTS the Motion.

## I.    Background

This case arises from the foreclosure on Plaintiff Rita P. Dinsmore-Thomas's ("Plaintiff") home located at 481 North Seranado Street, Orange, California 92869 (the "Property"). On

January 9, 2004, Plaintiff executed an Adjustable Rate Note with Downey Savings and Loan Association, F.A. in the amount of $210,000. The note was secured by a Deed of Trust encumbering the Property, recorded on January 22, 2004.

On December 1, 2005, Plaintiff was informed by letter that servicing of the loan had been transferred to Defendant. On August 1, 2008, Trustee Corps was appointed Trustee under the Deed of Trust. On August 6, 2008, Trustee Corps, acting as an agent for Defendant, recorded a Notice of Default and Election to Sell Under Deed of Trust due to Plaintiff's alleged failure to pay her loan. On November 13, 2008, Trustee Corps recorded a Notice of Trustee's Sale apprising Plaintiff that a sale would take place on December 3, 2008.

On December 2, 2008, and one day before the scheduled sale, Plaintiff filed a Verified Complaint against Defendant in the Central District. On that same day, Plaintiff filed an ex parte application for a temporary restraining order to stay the sale. On December 3, 2008, the Honorable Andrew J. Guilford denied the ex parte application, finding that Plaintiff had filed the action "extremely late, in the wrong court and with defective papers." Judge Guilford also ordered Plaintiff to show cause why sanctions should not be imposed against her. This matter was transferred to this Court on December 15, 2008, due to the then-pending related case by Plaintiff against Ameriprise Financial, Inc. (SACV 08-587 DOC (PLAx)). On February 4, 2009, Trustee Corps recorded a Trustee's Deed Upon Sale which exhibits that the Property was sold to Ameriprise Bank, F.S.B. on January 20, 2009.

Plaintiff fashioned her original complaint as consisting of three causes of action: (1) Declaratory Judgment, (2) Injunctive Relief, and (3) Nondisclosure, Fraud, and Statutory Damages. She primarily alleged that Defendant improperly foreclosed on the Property without providing her the requisite disclosures and also engaged in fraud through misrepresentations concerning her loan and failed to credit her account with payments tendered, citing to a myriad of federal and California state laws. Defendant brought a motion to dismiss or, alternatively, for summary judgment on April 6, 2009. The Court granted the motion to dismiss with leave to amend on May 7, 2009 (the "May 7, 2009 Order"). As a result, Plaintiff filed a First Amended Complaint ("FAC") on May 27, 2009, alleging a new Fourth Cause of Action for cancellation of

2

instruments and quiet title. In the FAC, Plaintiff also responded to the Court's indication in its May 7, 2009 Order that she needed to allege that she had tendered payment in full under the Note, in the form of cash, check, or money order. In her FAC, she alleged that she had tendered payment in the form of a money order.

Defendant again brought a motion to dismiss on June 16, 2009, which this Court again granted on July 17, 2009 (the "July 17 Order"). By so doing, this Court noted that Plaintiff had failed to remedy many of the same deficiencies identified by the May 7 Order. Though the Court granted Plaintiff leave to amend in light of her pro se status, the Court informed Plaintiff that it would be her last opportunity to produce a cognizable complaint and "admonished [her] not to merely resubmit the same complaint but to address the concerns raised by the [July 17 Order]." *See* July 17 Order, 9.

Plaintiff proceeded to file her Second Amended Complaint ("SAC") on August 17, 2009. On September 28, 2009, the Court granted in part and denied in part the Motion to Dismiss (the "September 28, 2009 Order"). The Court only allowed one allegation in the third cause of action to go forward and found that "Plaintiff has at least alleged that she presented Defendant with a proper money order payment on April 29, 2008." September 28, 2009 Order. Defendant now brings the present Motion.

## II.    Legal Standard

The Court must view the facts and draw inferences in the manner most favorable to the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S. Ct. 993 (1962); *Chevron Corp. v. Pennzoil Co.*, 974 F.2d 1156, 1161 (9th Cir. 1992). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact for trial, but it need not disprove the other party's case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106 S. Ct. 2505 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25, 106 S. Ct. 2548 (1986). When the non-moving party bears the burden of proving the claim or defense, the moving party can meet its burden by pointing out that the non-moving party has failed to present any genuine issue of material fact. *Musick v. Burke*, 913 F.2d 1390, 1394 (9th Cir. 1990).

Once the moving party meets its burden, "an opposing party may not rely merely on

allegations or denials in its own pleading; rather, its response must–by affidavits or as otherwise provided in this rule–set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party." FED. R. CIV. P. 56(e)(2); *see also Anderson,* 477 U.S. at 248-49. Furthermore, a party cannot create a genuine issue of material fact simply by making assertions in its legal papers. There must be specific, admissible evidence identifying the basis for the dispute. *S.A. Empresa de Viacao Aerea Rio Grandense v. Walter Kidde & Co., Inc.*, 690 F.2d 1235, 1238 (9th Cir. 1980). The Supreme Court has held that "[t]he mere existence of a scintilla of evidence . . . will be insufficient; there must be evidence on which the jury could reasonably find for [the opposing party]." *Anderson*, 477 U.S. at 252.

### III. Discussion

#### A. Procedural Objections Raised by Plaintiff

Plaintiff contends that Defendant's Motion is premature because discovery has yet to be completed in this matter. Opposition, 2. However, Plaintiff's contention is without merit. The discovery cut-off date was January 24, 2011, and no extensions have been requested or granted. Furthermore, the motion cut-off was set for March 14, 2011, and Defendant properly filed and noticed the hearing on the instant Motion for that date. Plaintiff did not timely file her Opposition, but the Court nonetheless accepted her Opposition and rescheduled the hearing date to accommodate the late reply. *See* March 1, 2011 Order. As a result, the Court rejects any argument put forth by Plaintiff that a summary judgment motion is procedurally improper.

In addition, a motion to dismiss pursuant to Fed. Civ. P. 12(b)(6) is not currently before the Court, and Plaintiff cannot merely rely on the sufficiency of her pleadings at this stage in the litigation in response to Defendant's Motion. Plaintiff's response to the Motion as a motion to dismiss is without merit.

Finally, Plaintiff makes several unclear and irrelevant arguments, many of which appear to be copied from a previous, related, case in which Plaintiff brought suit in this Court. *See Rita P. Dinsmore-Thomas v. Ameriprise Financial, Inc.*, case no. SACV 08-587 DOC (PLAx) (the "Amerprise case"). Indeed, the caption of Plaintiff's Opposition lists the defendant in the

Ameriprise case, rather than Defendant Central Mortgage, the defendant in this case. *See* Opposition. In that case, Plaintiff made identical allegations of tender of payment by money order and private bond to America Financial, Inc. Not only are many of the supporting documents submitted by Plaintiff in this case identical to those she submitted in that case, but throughout her Opposition, Plaintiff references "Defendant Ameriprise," even though Ameriprise is not a party to this action. *See, e.g.*, Opposition, 1, 5. The Court will not consider arguments Plaintiff made that do not relate to the present action.

## B. Merits of Defendant's Motion

As discussed above, the only claim remaining in this case is a portion of the Third Cause of Action, for Nondisclosure, Fraud, and Statutory Damages, that Plaintiff tendered payment in full but Defendant wrongfully failed to credit her account. *See* September 28, 2009 Order.

Defendant argues in its Motion that Plaintiff has failed to produce the money order she allegedly provided to them to tender payment. Defendant puts forth evidence that it requested discovery of Plaintiff in support of its claim three times before Plaintiff finally responded to the Court's Order to Compel Discovery. *See* Declaration of Nic Brutocao in Support of Motion for Summary Judgment ("Brutacao Decl.") ¶ 2. On November 5, 2010, Plaintiff responded by indicating that she could not find an original money order, but would provide a copy once she could fine one. *Id.* ¶ 3, Exh. 1. At the time of Defendant's filing of this Motion, it had not received any evidence in support of Plaintiff's allegation that she had tendered a money order. *Id.* ¶ 4. As supplements to its Motion, Defendant supplied declarations and supporting documents demonstrating that Plaintiff had not ever tendered payment in full, and that Defendant had the right to foreclose on the property because a valid debt existed. *See* Motion.

In her Opposition, Plaintiff raises many arguments that are no longer relevant to this case in light of the Court's dismissal of most of the SAC. *See* September 28, 2009 Order. Nonetheless, for the first time since discovery, Plaintiff attaches evidence that she insists are proof of the money order she sent to Defendant. Exhibit A appears to be a letter from Plaintiff to Defendant dated April 29, 2008 and referencing an enclosed IRS letter and money order. Yet no such money order is attached; instead, there are IRS forms attached that are almost illegible. *See*

Opposition, Exh. A.  There is also a monthly billing statement document, on which Plaintiff has written "Money Order" on the lower half , but is not actually a money order.  *Id.*  It appears that Plaintiff may be trying to argue that she expected to receive a tax credit of $230,000, which she then wanted to use to pay Defendant.  *See* Defendant's Reply Brief, 3.  As there is no money order or other legitimate form of payment attached, this documentation does not even come close to suggesting that there is a material issue of fact for trial as to whether Plaintiff paid her debt through a money order.

Plaintiff has also attached a purported bond letter from Ernest Walker Bey, indicating that there was an enclosed bond order.  *See* Opposition, Exh. B.  However, as the Court has emphasized in its prior orders, Plaintiff could not submit payment in the form of a bond.  *See* July 17, 2009 Order ("However, again, Thomas only alleges that she attempted to tender payment in full through bonds or "in kind" payments (FAC, ¶ 63), despite the fact that her note only allows for cash, check, or money order payments."); *see also* September 28, 2009 Order ("[Plaintiff's] loan expressly states that payments will only be accepted in the form of cash, check, or money order.  Thus, by both the May 7 Order and July 17 Order, this Court admonished Plaintiff that she needed to make clear if she tendered payment in full according to the terms of her note.")  Indeed, as a result of the Court's warning, Plaintiff amended her SAC to include an allegation that she issued a money order.  Exhibit B does not support this allegation.

Furthermore, as Defendant points out in its Reply, the private bond appears to be fictitious.[1]  The bond, claimed to be worth one-million dollars, appears to have been posted by an individual named Ernest Walker Bey through "The Bey Family Irrevocable Trust" and purports to be secured by the Hawaiian Treasury.  By its terms, it states that the "Comptroller of the Currency, (DAGS), The Hawaiian Treasury- Russ K. Saito is directed to issue money on account via this bond order to REGIONAL TRUSTEE SERVICES CORPORATION (or Lender) for satisfaction of Loan Account . . . and to close/terminate accounts as paid, in

---

[1]Indeed, as mentioned above, this document is identical to the one Plaintiff submitted in the Ameriprise case, which this Court deemed fictitious.  *See* Ameriprise case Order Granting Defendant's Motion for Summary Judgment.

accordance to and per Sections 75; 91 & 103 of the Organic Act April 30, 1900," and otherwise identifies the Hawaiian Treasury as the surety of the bond. However, the Organic Act of April 30, 1900, is a federal act that provided a government for the (then) Territory of Hawaii (the "Organic Act"), 56 Cong. Ch. 339, April 30, 1900, 31 stat. 141. Sections 75, 91, 81, and 103 of the Organic Act in no way purport to impose an obligation on the Hawaiian Treasury to honor private bonds. In addition, none of the other cited authorities purporting to identify the source of the Hawaiian Treasury's obligation to honor the instant bond actually stand for such a proposition (*See, e.g.*, 18 U.S.C. §§ 241 and 242 and the Uniform Commercial Code §§ 1-101 and 10-104). As the California Court of Appeal stated in *McElroy*, "[s]ince the Bill purports to identify the source of the Secretary of the Treasury's obligation to honor the Bill, and the cited source does not establish an obligation, we unhesitatingly conclude the Bill is a worthless piece of paper, consisting of nothing more than a string of words that sound as though they belong in a legal document, but which, in reality, are incomprehensible, signifying nothing." *McElroy v. Chase Manhattan Mortg. Corp.*, 134 Cal. App. 4th 388, 393 (2005). As such, the Private Bond, as a worthless piece of paper, cannot constitute a legitimate tender. Thus, Defendant engaged in no wrongdoing by rejecting the worthless Private Bond.

As a result, because Plaintiff failed to tender proper payment to Defendant, Plaintiff's allegation that the foreclosure was wrongful on such grounds is without merit. In a similar California case in which the defendant lender foreclosed on plaintiff borrowers home despite plaintiffs' contention that they had tendered payment in full, the California Court of Appeal held that foreclosure was proper where plaintiffs proffered tender with a worthless bond, despite the fact that the defendant lender twice failed to respond to the tender. *McElroy*, 134 Cal. App. 4th at 394. Failure to respond to worthless tenders does not appear to make an otherwise legitimate foreclosure instead wrongful.

Plaintiff has failed to show that there are any triable issues of material fact from the "mere scintilla" of evidence it offers; there is no "evidence on which the jury could reasonably find for" Defendant. *Anderson*, 477 U.S. at 252. Defendant is therefore entitled to judgment as a matter of law.

### IV.    Disposition

For the reasons stated above, the Court hereby GRANTS Defendant's Motion.  Defendant shall submit a proposed judgment to the Court within 3 (three) days of the issuance of this Order.

IT IS SO ORDERED.

DATED: May 3, 2011

_David O. Carter_
_____
DAVID O. CARTER
United States District Judge